UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KEITH A. BROWN, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:22-cv-00913-MMD-NJK<br><br>ORDER |

　　　　Plaintiff United of Omaha Life Insurance Company initiated this interpleader complaint under Federal Rule of Civil Procedure 22, seeking to interplead death benefits in the amount of $10,000.00 ("Death Benefits") under a life insurance policy it issued because of adverse claims to the Death Benefits by Defendants Keith A. Brown and Azia D. Brown. (ECF No. 1.) This order addresses three pending motions (ECF Nos. 13, 15, 16) before the Court.

　　　　First, Plaintiff filed a motion asking for three forms of relief: (1) that Plaintiff deposit the Death Benefits; (2) that the Court dismiss Plaintiff with prejudice; and (3) that the Court award and deduct reasonable costs and attorneys' fees for bringing this action from the funds to be deposited. (ECF No. 13 ("Motion").) Defendants have not opposed the Motion and the deadline for any response has lapsed.[1] The Court grants the Motion as it relates to the first two requested forms of relief as unopposed. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). Moreover, Plaintiff has demonstrated entitlement to these

---

[1]Plaintiff filed a supplement to inform that Azia has no objection to the Motion. (ECF No. 14.)

forms of relief. In particular, Plaintiff has demonstrated that there exist two adverse mutually exclusive claims to the Death Benefits because Defendant Azia asserted a claim as the beneficiary, while Keith challenged the change of beneficiary designation from him to Azia. (ECF No. 13 at 3; ECF Nos. 1-2, 1-3, 1-6.) *See Mack v. Kuckenmeister,* 619 F.3d 1010, 1023 (9th Cir. 2010) (interpleader action requires at least two adverse claims to a single fund). Entitlement to the Death Benefits between Defendants is properly presented to the Court to resolve under Rule 22, and dismissal of Plaintiff is appropriate.

The Court also grants Plaintiff's Motion as it relates to recovery of costs and attorneys' fees but exercises its discretion to reduce the amount of recovery in fees. "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir.), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000). "[B]ecause the attorneys' fees are paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Id.* at 427. The Court finds that, because the total amount of fees requested, $5,706.00, constitutes more than half of the $10,000.00 Death Benefits, such a fee award would unduly deplete the interpleaded fund and is thus unreasonable under the circumstances. (ECF No. 13 at 12.) The Court therefore exercises its discretion to: (1) decline to award $141.00 in fees incurred in preparing the certificate of interested parties and $359.50 in fees incurred in preparing the notice to the Court regarding Keith's answer, which the Court finds required minimal work; and (2) reduce in half the amount awarded of the $3,780.00 in fees incurred in preparing the interpleader complaint and the $1,425.50 in fees incurred in preparing the motion to interplead funds. (*Id.*) Accordingly, the Court awards Plaintiff $786.00 in costs and $2,602.75 in attorneys' fees, totaling $3,388.75.

Second, both Defendants filed separate motions to dismiss. (ECF Nos. 15, 16.) Keith's motion is improper given he has filed an Answer (ECF No. 11). More importantly, because the Court finds that the interpleader claim is properly asserted based on the

existence of the competing claims to the Death Benefits, the motions to dismiss are legally deficient. The proper procedure for resolving Defendants' claim to the Death Benefits is for them to file a motion demonstrating their right to the Death Benefits.[2]

It is therefore ordered that Plaintiff's motion to deposit funds (ECF No. 13) is granted, as specified herein. Plaintiff is directed to submit a proposed order granting its motion within ten days.

It is further ordered that Defendants' motions to dismiss (ECF Nos. 15, 16) are denied.

It is further ordered that the deadline for Defendants to file any motion regarding the Death Benefits will be extended to January 16, 2023.

DATED THIS 14th Day of November 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Judge Koppe informed Defendants of the deadline for filing any motion regarding the funds by October 7, 2022. (ECF No. 12.) The Court now extends this deadline to January 16, 2023.

3