UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED OF OMAHA LIFE INSURANCE COMPANY, | Case No. 2:22-cv-00913-MMD-NJK |
|---|---|
| Plaintiff, | AMENDED ORDER |
| v. | |
| KEITH A. BROWN, *et al.*, | |
| Defendants. | |

Plaintiff United of Omaha Life Insurance Company initiated this interpleader complaint under Federal Rule of Civil Procedure 22, seeking to interplead death benefits in the amount of $10,000.00 ("Death Benefits") under a life insurance policy it issued because of adverse claims to the Death Benefits by Defendants Keith A. Brown and Azia D. Brown. (ECF No. 1 ("Complaint").) The Court previously granted Plaintiff's motion to deposit the Death Benefits, dismiss Plaintiff from the action, and award and deduct reasonable costs and attorneys' fees for bringing this action from the funds to be deposited, leaving $6,611.25 in remaining Death Benefits deposited with the Court. (ECF Nos. 20, 22, 23, 24.) The Court instructed Defendants that the proper procedure for resolving their adverse, mutually exclusive claims to the Death Benefits is to file a motion for disbursement of funds with evidentiary support to prove that they are entitled to the Death Benefits. (ECF No. 20 at 3; ECF Nos. 26, 27.) Before the Court are Keith Brown's motion for disbursement of funds (ECF No. 28) and Azia Brown's motion for disbursement of funds (ECF No. 29).[1] The Court makes the following findings of fact and conclusions of law to determine that Keith Brown is solely entitled to the Death Benefits.

---

[1]Because Defendants, proceeding *pro se*, filed competing motions for disbursement of funds only after the Court reminded them of the need to seek

In February 2009, Mae R. Brown ("Decedent") applied for life insurance with United of Omaha; Decedent's application did not list any beneficiary. (ECF No. 29 at 3, 25; ECF No. 1 at 2.)[2] On February 23, 2009, United of Omaha issued whole life insurance policy number UR1734291 to Decedent (the "Policy"). (ECF No. 1-1.)

Keith Brown is Decedent's son (ECF No. 28 at 1), Tyrese Brown is Decedent's son (ECF No. 29 at 2), and Azia Brown is Tyrese Brown's daughter and Decedent's granddaughter (*id.*). On March 21, 2011, Decedent submitted a written request to United of Omaha to make Keith the beneficiary of the Policy. (ECF No. 1-2.) On June 1, 2021, Tyrese submitted an Application for Change of Beneficiary to United of Omaha, which changed the beneficiary of the Policy from Keith to Azia. (ECF No. 1-3.) Tyrese signed the Application as Decedent's attorney-in-fact and submitted a durable financial power of attorney form (the "POA") to United of Omaha. (*Id.*; ECF No. 1-4; ECF No. 1 at 2.)[3] The POA had been executed on March 5, 2019 in Nevada and granted Tyrese with the power to "modify, exchange, rescind, release, or terminate" insurance contracts entered into by Decedent. (ECF No. 1-4 at 7, 12, 14). Decedent passed away on June 11, 2021. (ECF No. 1-5.) As a result of Decedent's death, the Death Benefits became due to any beneficiaries.

Absent any challenges to the validity of the POA or the beneficiary change, Azia would appear to have the sole right to the Death Benefits as the named beneficiary at the time of the Decedent's passing. However, Keith challenges the validity of both (ECF No. 28 at 1), and the Court addresses each argument in turn.

---

disbursement of funds and to offer evidence to support their request, and given their delay in properly moving for disbursement, the Court finds it proper to resolve the competing motions without further briefing.

[2]Keith appears to contend that he was listed as a beneficiary on the February 2009 application (ECF No. 28 at 1), but the evidence tends to show that he was not added as a beneficiary until March 2011 (ECF No. 1-2).

[3]Azia's motion includes a copy of the POA (ECF No. 29 at 10-22), but the Court cites to the identical copy of the POA submitted with the Complaint (ECF No. 1-4) throughout this order for ease of reference.

First, Keith appears to contend that the POA was invalid but presents no evidence or argument to support his contention. (*Id.*) "A power of attorney must be signed by the principal or, in the principal's conscious presence, by another individual directed by the principal to sign the principal's name on the power of attorney." NRS § 162A.220(1). "A signature on a power of attorney is presumed to be genuine if the principal acknowledges the signature before a notary public or other individual authorized by law to take acknowledgments." *Id.* Generally, "a photocopy or electronically transmitted copy of an original power of attorney has the same effect as the original power of attorney." NRS § 162A.230(4). Here, the POA was signed by the Decedent, and the signature was acknowledged before a notary public. (ECF No. 1-4 at 12, 14.) As the POA complies with NRS § 162A.220, the Court finds that it is valid. *See* NRS § 162A.230 ("A power of attorney executed in this State on or after October 1, 2009, is valid if its execution complies with NRS § 162A.220.").

Next, Keith challenges the beneficiary change, arguing that the Decedent did not request the change and that there was a conflict of interest with Tyrese naming Azia as beneficiary, given their familial relationship and that they reside in the same household. (ECF No. 28 at 1.) Without needing to decide whether there was a conflict of interest, the Court finds that, under Nevada law, the POA did not grant Tyrese specific authority to change the beneficiary designation of the Policy on behalf of the Decedent. Under NRS § 162A.450(1)(d), "[a]n agent under a power of attorney may [create or change a beneficiary designation] on behalf of the principal or with the principal's property only if the power of attorney expressly grants the agent the authority." The POA does not contain express language granting Tyrese the specific authority to "create or change a beneficiary designation." (*See* ECF No. 1-4.) As to insurance contracts, the POA only contains language consistent with a granting of general authority under NRS § 162A.540, which standing alone cannot confer specific authority required to change a beneficiary designation. *Compare* NRS § 162A.450 (grant of specific authority) *with* NRS § 162A.460 (grant of general authority); *see* NRS § 162A.540(1) (stating that "language in a power of

attorney granting general authority with respect to insurance and annuities authorizes the agent to . . . modify, exchange, rescind, release or terminate a contract procured by or on behalf of the principal which insures or provides an annuity to either the principal or another person"); *see also* NRS § 162A.620 (distinguishing "grant of general authority" from "grant of specific authority," including to "create or change a beneficiary designation").

Accordingly, the Court finds that because the POA did not grant Tyrese specific authority to change the beneficiary designation of the Policy on behalf of the Decedent under Nevada law, the change of beneficiary designation from Keith to Azia was invalid. Thus, Keith is the rightful beneficiary of the Policy and is solely entitled to the Death Benefits.

It is therefore ordered that Defendant Keith A. Brown's motion for disbursement of funds (ECF No. 28) is granted.

It is further ordered that Defendant Azia D. Brown's motion for disbursement of funds (ECF No. 29) is denied.

The Clerk of Court is directed to disburse the Death Benefits deposited with the Court in the amount of $6,611.25 (*see* ECF Nos. 23, 24), plus accrued interest on the amount, to Keith A. Brown, 11221 Apple Valley Drive, Frisco, Texas 75033.

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 22nd Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE